IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>        Plaintiff,<br><br>   vs.<br><br>STATE OF MONTANA WARDENS,<br>et al.,<br><br>        Defendants. | CV 17-00045-H-DLC-JTJ<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

Pending are Plaintiff Lionel Ellison's motion to partially amend original complaint (Doc. 28), motion to appoint master (Doc. 30), motion for reconsideration (Doc. 31), motion for immediate assistance (Doc. 33), motion for show cause hearing (Doc. 34), motion for emergency injunctive relief and TRO (Doc. 35), and motion to incorporate petition for writ of habeas corpus (Doc. 37). Defendants only responded to Mr. Ellison's motion for immediate assistance (Doc. 36.)

## I.  MOTION TO AMEND (Doc. 28)

Local Rule 15.1 requires that, "[w]hen a party moves for leave to amend or supplement a pleading, the proposed pleading must be attached to the motion as an exhibit."  Mr. Ellison did not submit a proposed pleading and therefore his motion

1

must be denied without prejudice subject to his compliance with Local Rule 15.1.

Mr. Ellison is advised that if he is granted leave to file an amended complaint, the Court cannot refer to the original complaint or any supplements thereto to make the amended complaint complete.  The amended complaint must be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).

Once Mr. Ellison files an amended complaint, his original complaint and any supplements to that complaint will no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If Mr. Ellison wants to file an amended pleading, he must submit a proposed pleading which contains all the claims he wants to pursue against all the defendants he wants to name.

## II.  MOTION TO APPOINT MASTER (Doc. 30)

Mr. Ellison asks the Court to appoint a master for him to contact whenever a document is filed with the Court, whenever anything is requested by the Court of Mr. Ellison, or whenever he files a document.  He then expects this "master" to notify him by phone at MSP and by U.S. Mail and to assist him with copies of all

documents to opposing counsel.  He seeks such an appointment due to alleged retaliatory acts by MSP and Defendants.

There is no authority for the Court to appoint such an individual and the Court has already denied Mr. Ellison's motion for the appointment of counsel. The motion will be denied but in the Court's Scheduling Order the Clerk of Court's Office will be directed to provide Mr. Ellison with copies of the pertinent local rules and Federal Rules of Civil Procedure.

## III.  MOTION FOR RECONSIDERATION (Doc. 31)

Mr. Ellison asks the Court to reconsider its prior Order denying his request for a preliminary and permanent injunction.  (Doc. 31.)  On June 21, 2017, the Court recommended to Chief District Court Judge Christensen that he deny Mr. Ellison's motions for injunction relief contained in his Complaint and in his motion for temporary restraining order and preliminary injunction.  (Doc. 10.) Judge Christensen has not yet ruled on those recommendations.

Local Rule 7.3 provides as follows:

(a) Leave of Court Required. Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a judge requesting that the judge grant the party leave to file a motion for reconsideration of any interlocutory order made by that judge on any ground set forth in L.R. 7.3(b)(1) or (2). No party may file a motion for reconsideration without prior leave of court.

3

(b) Form and Content of Motion for Leave. A motion for leave to file a motion for reconsideration must be limited to seven pages and must specifically meet at least one of the following two criteria:

    (1)    (A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, and

            (B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or

    (2) new material facts emerged or a change of law occurred after entry of the order.

(c) Prohibition Against Repetition of Argument. No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party before entry of the order. Violation of this restriction subjects the offending party to appropriate sanctions.

Mr. Ellison failed to comply with this local rule. First, he did not file a motion for leave to file a motion for reconsideration. More importantly, however, Mr. Ellison does not establish that the facts or applicable law are materially different from the facts or law presented in his previous motion. He contends Defendants admitted to "unconstitutional and now criminal acts" in their response to his motion to preserve evidence. (Doc. 31 at 1.) The Court does not read Defendants' response as an admission of unconstitutional or criminal conduct. Mr. Ellison has still not met the standard for injunctive relief.

The motion for injunctive relief is currently pending before Judge

Christensen and Mr. Ellison has filed his Objections to that recommendation.  The Court will not reconsider this issue and the motion for reconsideration will be denied.

## IV.  MOTION FOR IMMEDIATE ASSISTANCE (Doc. 33)

Mr. Ellison's Motion for Immediate Assistance was filed on October 16, 2017 and sought assistance in the filing of his federal petition for writ of habeas corpus.  Mr. Ellison's federal petition was filed on October 30, 2017 in Civil Action No. 17-00102-H-DLC and was deemed filed on July 28, 2017, the date Mr. Ellison apparently provided those documents to prison authorities.  *Ellison v. Fletcher*, Civil Action No. 17-102-H-DLC, Doc. 4, n. 1 (filed November 2, 2017).  In light of the filing of the habeas petition, the motion for immediate assistance is moot.

## V.  MOTION FOR SHOW CAUSE HEARING (Doc. 34)

Mr. Ellison seeks a show cause hearing concerning all the affidavits, exhibits, the amended complaint, and other documents filed in this case.  There is no basis for a hearing at this juncture in the litigation.  Simultaneously with the filing of the Order, the Court will issue a scheduling order setting forth a schedule for the disposition of Mr. Ellison's claims.  The motion for show cause hearing will be denied.

5

## VI.  MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND TRO (Doc. 35)

Mr. Ellison has filed a second motion for an injunction to "stop further acts of physical harm and the very real harm that will happen daily" to him.  (Doc. 35 at 1.)  In this motion, Mr. Ellison relies primarily on the claims he presented in his motion to amend his complaint.  As set forth above, the motion to amend must be denied based upon Mr. Ellison's failure to comply with Local Rule 15.1.  As Mr. Ellison has been advised, courts are unable to issue orders against individuals who are not parties to a suit pending before it.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.") The Court will not recommend the issuance of an injunction against individuals who are not parties to this litigation.

Further, Mr. Ellison has still not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.  *See Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7 (2008).  The Court has already determined that preliminary injunctive relief is not

6

appropriate at this time and recommended that Mr. Ellison's requests for injunctive relief be denied.  (Doc. 10.)  That recommendation is currently pending before Judge Christensen and there is nothing in Mr. Ellison's current filing sufficient to make the Court reconsider that prior order.  The motion for emergency injunctive relief and TRO should be denied.

## VII.  MOTION TO INCORPORATE HABEAS PETITION (Doc. 37)

Mr. Ellison seeks to have his petition for writ of habeas corpus filed in Civil Action No. 17-102-H-DLC be incorporated into this matter both as an exhibit and to "stand alone and be adjudicated by this Court." (Doc. 37 at 1.)  Mr. Ellison may refer to his habeas petition as an exhibit in this matter but the Court will not consider the merits of that petition.  To the extent Mr. Ellison is challenging the merits of his criminal convictions with that petition, he may only do so in a habeas petition.  *Heck v. Humphrey*, 512 U.S. 477 (1994).

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Mr. Ellison's motion to amend (Doc. 28) is DENIED WITHOUT PREJUDICE for failure to comply with Local Rule 15.1.

2.  Mr. Ellison's motion to appoint master (Doc. 30) is DENIED.

3.  Mr. Ellison's motion for reconsideration (Doc. 31) is DENIED.

4.  Mr. Ellison's motion for immediate assistance (Doc. 33) is DENIED AS MOOT.

5.  Mr. Ellison's motion for show cause hearing (Doc. 34) is DENIED.

Further the Court issues the following:

## RECOMMENDATIONS

Mr. Ellison's motion for emergency injunctive relief and TRO (Doc. 35) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ellison may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Ellison is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 15th day of December, 2017.

_/s/ John Johnston_____

John Johnston
United States Magistrate Judge

9