FILED

JAN 31 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA WARDENS, et al., <br><br> Defendants. | CV 17–45–H–DLC–JTJ <br><br> ORDER |

Before the Court are United States Magistrate Judge John T. Johnston's Findings and Recommendations ("F&R") entered on June 21, 2017 (Doc. 10), and December 15, 2017 (Doc. 40). Judge Johnston recommends that Ellison's First and Sixth Amendment claims regarding his legal mail go forward, as well as Ellison's First Amendment retaliation claim. Judge Johnston recommends dismissing Ellison's due process and access to the courts claims, dismissing certain Defendants, and dismissing Ellison's motions for injunctive relief. Ellison timely objected and is accordingly entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See*

-1-

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315, at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

## DISCUSSION

Because the parties are familiar with the factual and procedural background detailed in Judge Johnston's F&Rs and the numerous filings before the Court, it will not be restated here.

Ellison's objections fall into three categories: (1) objections that rehash similar arguments that Ellison has made throughout this litigation; (2) objections specifically directed towards Judge Johnston's F&Rs, and (3) objections that allege

new facts related to claims and Defendants not contained in the initial Complaint.[1] Consequently, the Court will address Ellison's objections regarding Judge Johnston's legal analysis by de novo review, and will address all other objections for clear error.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, a court should dismiss a complaint filed in forma pauperis by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to allege the "grounds" entitling the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully

---

[1] To the extent that Ellison's objections allege new facts unrelated to the claims reviewed in Judge Johnston's F&Rs, these facts are not properly before the Court at this time. As discussed in Judge Johnston's second F&R (Doc. 40), pursuant to Rule 15 of the Federal Rules of Civil Procedure, Ellison may amend his Complaint to include a complete account of all facts that he believes warrant the Court's redress. The Court has already permitted the parties to amend their pleadings in the Court's Scheduling Order. (Doc. 41.) Specifically, Ellison has until March 16, 2018 to amend his Complaint. Pursuant to this Court's local rules, Ellison's motion must include a proposed pleading attached as an exhibit. Local R. 15.1.

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed as to do justice.").

## I. Legal Mail

Judge Johnston recommended that Ellison had set forth sufficient facts to state both First and Sixth Amendment claims against Defendant Daniels for opening and removing vital documentation from his legal mail. (Doc. 10 at 9–11.) Although Ellison has alleged additional facts supporting his claim, the Court does not construe these as an objection. Therefore, reviewing for clear error, the Court finds none and adopts the recommendation.

## II. Retaliation

Similarly, Judge Johnston recommended that Ellison's First Amendment retaliation claim go forward, finding that the threats and subsequent disciplinary consequences plausibly resulted from Ellison's exercise of his First Amendment rights. (Doc. 10 at 16.) Ellison does not object. Having reviewed for clear error and finding none, the Court adopts this recommendation.

## III. Due Process and Injunctive Relief

Judge Johnston recommended dismissal of Ellison's due process claim and his requests for injunctive relief. (Doc. 10 at 15.) In a single argument, Ellison

objects to both recommendations and reasserts the allegations stated in his Complaint. (Doc. 12 at 6–7.) He emphasizes that, contrary to the Judge's determination, the conduct of MSP officials *does* meet the standard to survive dismissal.

This objection fails to present any new basis in law or fact regarding the merits of either recommendation. Because Ellison has failed to specifically object, and the Court finds no clear error, it adopts the recommendation to dismiss the due process claim and the motions for injunctive relief (Docs. 2; 8).

### IV. Access to Courts

Judge Johnston recommended dismissal of Ellison's denial of access to the courts claim, finding that Ellison had failed to demonstrate that a "nonfrivolous legal attack on [his] sentence, or conditions of confinement had been frustrated or impeded," and that he suffered an actual injury as a result. (Doc. 10 at 11 citing *Lewis v.* Casey, 518 U.S. 343, 353–55 (1996).) In Ellison's objection, he asserts three new and related incidents: (1) Mr. Tenenbaum, Ellison's appellate defender, has discontinued Ellison's criminal appeal; (2) Ellison has been prejudiced by having to replace the confiscated documents at his own expense; and (3) his library privileges have been suspended, making him unable to conduct legal research. (Doc. 12 at 5–7.) The Court reviews these claims de novo.

In regards to Ellison's first assertion, the Court takes judicial notice[2] of the fact that Ellison's attorney has not ceased his representation, and Ellison's criminal appeal is being actively litigated, as demonstrated by the following: (1) On July 5, 2017, the Montana Supreme Court denied Ellison's pro se motion for substitution of counsel. *State v. Ellison*, No. DA 16-0105 (Mont. July 5, 2017); (2) On January 2, 2018, Mr. Tenenbaum filed Appellant's Opening Brief before the Montana Supreme Court. Br. of Appellant, Jan. 2, 2018, No. DA 16-0105. Accordingly, the Court construes any allegation that Ellison's criminal appeal has been hampered by the loss of representation as an unsupported and frivolous claim and will consider only the remaining two allegations.

This aside, the Court is still unable to find an "actual injury." *See Lewis*, 518 U.S. at 350. "Prisoners have a constitutional right of access to the courts." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011) *overruled on other grounds by Richey v. Dahne*, 87 F.3d 1202, 1209 n. 6 (9th Cir. 2015). This right includes "both a right to meaningful access to the courts and a broader right to petition the government for a redress" of a prisoner's grievances. *Id.* at 1102. The Ninth Circuit differentiates between claims involving a prisoners' right to

---

[2] In reviewing the sufficiency of a claim, a court may take judicial notice of facts outside of the pleadings. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). Federal Rule of Evidence 201 provides that a court may take judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Public records and government documents obtained through reliable means are proper subjects of judicial notice. *See Gerritsen v. Warner Bros Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *see also Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of court filings).

affirmative assistance, which is limited to the tools necessary to attack a sentence and "challenge the conditions of . . . confinement," and claims regarding a prisoners' right to litigate without active interference. *Id.*

However, in *Lewis*, the Supreme Court explained that an "actual injury" must arise before a prisoner has the standing to assert either right. *See Lewis*, 518 U.S. at 349–52. An "actual injury" occurs when there is a "specific instance" in which a prisoner was denied access. *Id.* at 349. The injury requirement is "not satisfied by just any type of frustrated legal claim." *Id.* at 354–55. It is only satisfied when an inmate is denied access with regard to a direct appeal from his or her conviction, a habeas petition, or a civil rights action. *Id.* "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.

In *Silva*, the Court found an "actual injury" where prison officials repeatedly transferred an inmate between prison facilities and withheld his legal documents to prevent him from litigating various pending lawsuits. 658 F.3d at 1104. As a result, several of the inmate's suits were dismissed. *Id.*

As a threshold matter, the Court finds insufficient facts to conclude that the mail room issues have caused Ellison any injury in his criminal appeal or civil rights claim. Unlike *Silva*, Ellison has not stated any facts indicating a permanent loss or destruction of any of his documentation. Rather, Ellison himself

confirmed that the entire file containing the exculpatory evidence required for his appeal has been filed with the Court (Doc. 12 at 5), a duplicate copy of his file is also being held by his Chicago attorney (Doc. 21 at 1), and his attorney indicated that he is willing to replace any of the lost documents (Doc. 12 at 5). Nor has Ellison alleged any missed filing deadlines that have frustrated or precluded his claims as a result of his library privileges having been suspended. Quite the opposite; Ellison has had substantial access to this Court as evidenced by his 22 filings in this matter alone. (*See* Docs. 4; 7; 8; 11; 18; 20; 21; 22; 28; 30; 31; 33; 34; 35; 37; 38; 39; 43; 46; 48; 49; 50.) And while it is no doubt inconvenient to incur the cost of replacing his lost documentation, this is not the kind of "actual injury" required for standing. For this harm, Ellison's remedy lies in state tort law. *See, e.g.*, Mont. Code Ann. § 29–9–101(1) (2017).

Because Ellison has not stated facts sufficient to find an "actual injury" to support his right to access the courts claim, the Court adopts Judge Johnston's recommendation to dismiss it.

V.     **Dismissal of Defendants**

Judge Johnston recommended dismissal of Defendants Salmonsen, Wilson, Wood, Beeson, Reich, Strutzel, Wendy Zuber, Captain Zuber, John Does, and Wardens Kirkegard and Fletcher. (Doc. 10 at 19.) Ellison objected specifically to the recommendation to dismiss Warden Fletcher. (Doc. 12 at 3.) While

urging the Court to retain Warden Fletcher as a Defendant, he also acknowledges that the majority of the alleged events took place prior to Warden Fletcher's appointment. (*Id.*) The only implication of liability against Warden Fletcher is Ellison's general allegation that at some point Warden Fletcher was shown a grievance and failed to sign it. (*Id.* at 4.) Additionally, Ellison claims "Warden Fletcher may just be a new[] Warden that has been caught up in . . . [an] unconstitutional tradition." (*Id.* at 4.)

Supervising officers cannot be held liable under a theory of respondeat superior. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978). Section 1983 imposes individual liability upon state actors under a theory of supervisory liability only when acts amount to a "deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Star v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). This requirement may be satisfied by showing the supervisor participated in or directed the violations or "knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Ellison has not alleged any facts that would impose liability on Warden Fletcher under supervisory liability. The Court finds no violation in failing to sign a kite or in his status or actions as the new Warden. Nor has Ellison put forth any facts to suggest that Warden Fletcher's conduct amounts to "deliberate

indifference based upon [his] knowledge and acquiescence in unconstitutional conduct by his subordinates." *Star*, 652 F.3d at 1207. Rather, Ellison concedes that most of the conduct in his Complaint arose before Warden Fletcher was acting in his capacity as Warden.

Consequently, the Court agrees with Judge Johnston that these allegations are insufficient to state a claim against Warden Fletcher. Additionally, the Court has found no clear error in Judge Johnston's recommendation to dismiss the other Defendants, and thus adopts it.

### VI. Ellison's Second Motion For Emergency Injunctive Relief and a Temporary Restraining Order

While Ellison's first Motion for Temporary Relief was pending, he filed a second Motion requesting protection against "physical bodily harm" and unconstitutional acts of the MSP officials. (Doc. 35 at 1.) Specifically, he claims three instances of physical abuse, including: (1) that his left teste was intentionally crushed by Dr. Kohut in retaliation for Ellison's filing grievances (Docs. 35 at 1; 43 at 6); (2) that he was pushed down a flight of stairs by either Sergeant Graham or another guard, resulting in the loss of a tooth (Docs. 35 at 1; 43 at 7); and (3) that Nurse Rosanna intentionally jabbed a needle into his ear breaking his right eardrum (Doc. 43 at 8).

Judge Johnston recommended dismissing Ellison's request upon finding that

Ellison requested relief against persons who are not a party to the suit, and thus the Court lacks jurisdiction. He further found that Ellison did not meet the standard for an injunction. Though Ellison did not object regarding jurisdiction, he objected to the latter finding, citing *American Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1058–59 (9th Cir. 2009), for the proposition that his claims meet the standard for injunctive relief because it is "always in the best interest [of the public] to obey constitutional law." (Doc. 43 at 14.) The Court will review de novo.

The Court agrees that it lacks jurisdiction over Dr. Kohut, Sergeant Graham, and Nurse Rosanna because none of these persons are parties to the suit. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1983) (stating that "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

The Court is also unable to conclude that Ellison meets the requisite standard for a preliminary injunction. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). However, a preliminary injunction "should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original).

Ellison's assertion that the retaliation and mail room conduct satisfies one of these four elements carries some persuasive weight. It is true that "constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm." *American Trucking Assoc.*, 559 F.3d at 1059. However, the Court cannot award Ellison relief on this basis alone. At this stage in litigation, the Court is unprepared to conclude that Ellison is "likely to succeed on the merits." While many of Ellison's claims are proceeding, the standard needed to survive the pleadings is substantially lower than the standard required for a preliminary injunction. Having conducted a de novo review and found no "clear showing" of the need for a preliminary injunction, the Court adopts the recommendation to dismiss all related motions. (Docs. 2; 8; 35.)

Accordingly, IT IS ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 10) are ADOPTED in Full.

1. Ellison's Motion for injunctive relief as contained in his Complaint (Doc. 2) and his Motion for Temporary Restraining Order and Preliminary

Injunction (Doc. 8) are DENIED.

2. Ellison's due process claim is DISMISSED.

3. Defendants Kirkegard, Fletcher, Salmonsen, Wilson, Wood, Beeson, Reich, Struzel, Wendy Zuber, Captain Zuber, and John Does are DISMISSED.

IT IS FURTHER ORDERED that Judge Johnston's Order and Findings and Recommendations (Doc. 40) are ADOPTED in Full.

4. Ellison's Second Motion for a Temporary Restraining Order (Doc. 35) is DENIED.

DATED this 31st day of January, 2018

Dana L. Christensen, Chief Judge
United States District Court