IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA WARDENS, et al.,<br><br>Defendants. | CV 17-00045-H-DLC-JTJ<br><br>ORDER |

The following motions are pending: Plaintiff Lionel Ellison's motion for partial summary judgment (Doc. 46); Mr. Ellison's Motion for Disqualification of Judge (Doc. 48); Mr. Ellison's Motion for Sanctions (Doc. 49); Mr. Ellison's Motion for Copies (Doc. 50); Defendants' Motion for Extension of Time to File Disclosure Statement (Doc. 59); and Defendants' Motion to Modify Scheduling Order and to Request Plaintiff to file Disclosure statement.

The Court notes that Mr. Ellison filed a Notice of Appeal on June 4, 2018. (Doc. 65). "As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein*

1

*v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997). However, there is an exception to the general rule when the appeal is patently frivolous. *Marks v. Clarke*, 102 F.3d 1012, 1018 n. 8 (9th Cir. 1996) (citation omitted). Here, since Mr. Ellison has not appealed from an appealable final judgment, the appeal is frivolous and is ineffective to transfer jurisdiction from the district court to the court of appeals. Thus, Mr. Ellison's filing of the interlocutory appeal does not divest this Court of jurisdiction. *See Ruby v. Secretary of U.S. Navy*, 365 F.2d 385 (9th Cir. 1966)("Where the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction.")

**I.    Mr. Ellison's Motion for Partial Summary Judgment (Doc. 46)**

Mr. Ellison's motion for partial summary judgment fails to comply with Rule 56 of the Local Rules and should be dismissed. Local Rule 56.1 requires that:

> (a) Any party filing a motion for summary judgment must simultaneously file a Statement of Undisputed Facts. The Statement must:
> (1)   set forth in serial form each fact on which the party relies to support the motion;
> (2)   pinpoint cite to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to

>           support each fact;
> (3)       be filed separately from the motion and brief; and
> (4)       immediately upon filing of the motion, be e-mailed in a word processing format to each party against whom summary judgment is sought.

Local Rule 56.1(a). Mr. Ellison has not filed a Statement of Undisputed Facts in accordance with this rule.

Accordingly, the Motion for Summary Judgment will be denied without prejudice and subject to renewal for failure to file a statement of undisputed facts.

**II.     Mr. Ellison's Motion for Disqualification of Judge and Magistrate Judge and Change in Venue for All Plaintiff Actions (Doc. 48)**

Mr. Ellison moves to disqualify both the undersigned and Chief United States District Court Judge Dana Christensen based upon hearsay statements which he contends he heard at the prison. Section 144 of Title 28 of the United States Code provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [... The party's affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The certificate of good faith required under this section must be provided by a member of the bar, or the movant's counsel of record. *See Robinson*

*v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id.*; *see also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010); *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007). Mr. Ellison has not submitted a certificate of counsel as required by § 144. Thus, Mr. Ellison cannot pursue recusal under this section.

The Court will, however, consider the merits of Mr. Ellison's motion under the provisions of 28 U.S.C. § 455. "Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). The statute provides, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material

>witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
>(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>>(i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>(ii) Is acting as a lawyer in the proceeding;
>>(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United*

5

*States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008).  Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

The analysis under section 455(a) is also subject to the "extrajudicial source" doctrine.  *Liteky*, 510 U.S. at 554.  The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial."  *Holland*, 519 F.3d at 913-14; *see also U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir.1986) (the alleged prejudice warranting recusal "must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal.") (citation omitted).

Mr. Ellison's seeks removal of the assigned judges claiming that a Montana State Prison employee was heard saying, "the Feds ain't going to help you, MSP and our union own all the Judges in Montana."  (Doc. 48 at 1.)  Mr. Ellison also cites to a habeas petition he filed regarding the grand jury system in Montana and complains about several rulings in that case.

Section 455(b)(1), requires disqualification if a judge has a personal bias or prejudice for or against a party.  *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a

6

situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

The Judges of this Court have never displayed antagonism toward Mr. Ellison. The MSP union does not "own" the judges of this Court and aside from the referenced hearsay statement there is no evidence to support such a baseless allegation. The Court's impartiality cannot be reasonably questioned based upon this hearsay evidence. Further, the mere denial of prior motions and/or the dismissal of prior cases is not a sufficient grounds for recusal. The motion for recusal will be denied.

**III. Mr. Ellison's Motion for Sanctions (Doc. 49)**

Mr. Ellison requests the Court to sanction former counsel for Defendants. He first argues that he was charged with an "illegal disciplinary citation" and at the hearing on this citation, one of the hearing officers stated that counsel for Defendants gave her copies of documents that had been filed in this matter and stated that Mr. Ellison and another inmate had together mailed documents to this Court. Mr. Ellison argues the Court should sanction Ms. French for her initiation of the "illegal write up."

He also argues that Ms. French gave the Court a document on September

12, 2017 with a cause number and name in the caption that do not pertain to this case. The Court does note that the case number on Documents 23-25 have the incorrect case number but they were clearly filed in the correct case. A typographical error is not a basis for sanctions.

The Court sees no viable reason to issue sanctions against counsel. The motion will be denied.

### IV. Mr. Ellison's Motion for Copies (Doc. 50)

Mr. Ellison next seeks an order requiring the Clerk of Court to send him copies of all documents and exhibits. The Clerk of Court does not ordinarily provide free copies of case documents to parties. The Clerk charges $.50 per page for copies of documents. *See* 28 U.S.C. § 1914(a). The fact that the Court has granted leave for Mr. Ellison to proceed in forma pauperis does not entitle him to free copies of documents from the Court. Under 28 U.S.C. § 2250, the Clerk is not required to furnish copies without cost to an indigent petitioner except by order of the judge. The Court will not issue such an order. The motion for copies will be denied.

### V. Defendants' Motion for Extension of Time to File Disclosure Statement (Doc. 59)

Due to an injury sustained by counsel, Defendants moved for an extension

of time until March 13, 2018 to file their disclosure statement as required by the Court's December 15, 2017 Scheduling Order (Doc. 41). Defendants have now filed their disclosure statement. The motion will be granted.

## VI. Defendants' Motion to Modify Scheduling Order and to Request Plaintiff to file Disclosure Statement

Defendants seek to modify the scheduling order because: (1) Mr. Ellison failed to comply with the Court's December 15, 2017 Scheduling Order and did not file a disclosure statement; (2) Mr. Ellison has a pending appeal in the Ninth Circuit Court of Appeals concerning this case (Appeal No. 18-35482); and (3) new counsel for Defendants has been substituted for former counsel.

Mr. Ellison must file a disclosure statement as required by Paragraph I(A) of the Court's Scheduling Order (Doc. 41) that is no longer than 15 pages and that sets forth the following information:

    a.    a brief factual outline of the case;
    b.    the basis for federal jurisdiction and for venue in the Division;
    c.    the factual basis of each claim or defense advanced by the party;
    d.    the legal theory underlying each claim or defense, including, where necessary to a reasonable understanding of the claim or defense, citations to authority;
    e.    a computation of damages;
    f.    the pendency or disposition of any related state or federal litigation, including the court in which the proceeding was filed, the caption of the case, and the court number;
    g.    proposed stipulations of fact;

  h. identification of controlling issues of law suitable for pretrial disposition;
  i. the name of each individual known or believed to have information that may be used in proving or denying any party's claims or defenses and a summary of that information; and
  j. the status of any settlement discussions and prospects for compromise of the case.

A failure to file this disclosure statement will result in a recommendation that this matter be dismissed for failure to comply with a court order.

The Court will grant the motion to modify the scheduling order.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Ellison's Motion for Partial Summary Judgment (Doc. 46) is DENIED WITHOUT PREJUDICE and subject to renewal for failure to file a statement of undisputed facts.

2. Mr. Ellison's Motion for Disqualification of Judge (Doc. 48) is DENIED.

3. Mr. Ellison's Motion for Sanctions (Doc. 49) is DENIED.

4. Mr. Ellison's Motion for Copies (Doc. 50) is DENIED.

5. Defendants' Motion for Extension of Time to File Disclosure Statement (Doc. 59) is GRANTED.

6. Defendants' Motion to Modify Scheduling Order and to Request Plaintiff

to file Disclosure Statement is GRANTED.

      a. Mr. Ellison must file an initial disclosure statement as required by Paragraph I(A) of the Court's Scheduling Order (Doc. 41) on or before **August 10, 2018**.

      b. All pretrial motions with supporting briefs shall be filed and served on or before **September 10, 2018**. Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana. Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

      c. If no dispositive motions are filed on or before the motion deadline, defense counsel must assume responsibility for convening a conference of all parties for the purpose of preparing a Proposed Final Pretrial Order. Counsel shall ensure that all tasks are accomplished as set forth in the Attachment to the Court's December 15, 2018 Scheduling Order (Doc. 41) on or before **October 10, 2018**. A Final Pretrial Conference and trial date will then be set by further Order of the Court.

   7. At all times during the pendency of this action, Mr. Ellison must

immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 11th day of July, 2018.

                                       */s/ John Johnston*
                                       John Johnston
                                       United States Magistrate Judge