IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON, | CV 17-00045-H-DLC-JTJ |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STATE OF MONTANA WARDENS, et al., | |
| Defendants. | |

On December 15, 2017, the Court issued a Scheduling Order requiring the parties to file an initial disclosure statement and to disclose relevant documents within 60 days.  (Scheduling Order, Doc. 41 at 1-3.)  On June 7, 2018, Defendants filed a motion to modify the scheduling order and requested an order requiring Mr. Ellison to file his disclosure statement.  (Doc. 68.)  Defendants filed a notice on July 11, 2018 indicating that Mr. Ellison did not object to modifying the scheduling order but he claimed that he had not received the Court's scheduling order.[1]  Defendants' counsel agreed to provide Mr. Ellison with copies of the filing in this case.  (Doc. 72.)  On July 11, 2018, the Court issued an Order

---

[1]Mr. Ellison was provided with a copy of the docket on April 27, 2018. (Doc. 63.)  Mr. Ellison did not thereafter notify the Court that he had not received copies of Court orders and he did not subsequently request a copy of the scheduling order.

requiring Mr. Ellison to file his disclosure statement as required by Paragraph I(A) of the Court's Scheduling Order (Doc. 41) within 30 days.  (Doc. 73.)

Mr. Ellison was specifically advised that a failure to comply with the Court's Order would result in a recommendation that this matter be dismissed. (Doc. 73 at 10.); *see also Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987)(a court may dismiss an action, with prejudice, for failure to obey a court order).  Mr. Ellison has not filed a disclosure statement.

Based upon Mr. Ellison's failure to comply with the Court's December 15, 2017 Scheduling Order (Doc. 41) and the Court's July 11, 2018 Order (Doc. 73), this matter should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances.  *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order:  (1) the

2

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed over a year ago. It is at a critical stage in the discovery process and Mr. Ellison has failed to comply with Court imposed discovery obligations. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Ellison refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

3

The third factor requires the Court to weigh the risk of prejudice to the Defendants.  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case."  *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Mr. Ellison's refusal to comply with Court Orders makes prejudice a foregone conclusion.  The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel."  *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal.  *Id.*  Mr. Ellison was made aware of his disclosure obligations in the Court's December 17, 2017 Scheduling Order. (Doc. 41.)  The Court gave Mr. Ellison additional time to comply with his disclosure obligations and warned him about the consequences of not complying in its Order dated July 11, 2018.  (Doc. 73.)  Mr. Ellison did not respond.  The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the

disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (*citing Hernandez*

*v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  But in light of the other

four factors favoring dismissal, the Court finds that this matter should be

dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be DISMISSED pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure.  The Clerk of Court should be directed to close this

matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil

Procedure, and terminate all pending motions.

2.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Ellison is being served by

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 30th day of August, 2018.


  */s/ John Johnston*
John Johnston
United States Magistrate Judge

---

mail, he is entitled an additional three days after the period would otherwise
expire.