IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION


FILED
DEC 10 2018
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>                    Plaintiff,<br>vs.<br><br>STATE OF MONTANA WARDENS, et. al.,<br><br>                    Defendants. | CV 17–45–H–DLC–JTJ<br><br>ORDER |

Three matters are before the Court: (1) United States Magistrate Judge John Johnston's Findings and Recommendations entered on August 30, 2018 (Doc. 75); (2) Ellison's Criminal Complaint against various officials at Montana State Prison (Doc. 78); and (3) Ellison's request for an evidentiary hearing (Doc. 79 at 5). The Court will address each matter in turn.

I.     **Findings and Recommendations**

Judge Johnston entered his Findings and Recommendations recommending that Lionel Scott Ellison's ("Ellison") case be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Ellison timely objected, and is therefore entitled to de novo review. 28 U.S.C. § 636(b)(1). For the reasons

-1-

explained below, the Court rejects the recommendation and will allow Ellison one final opportunity to file his initial disclosure.

## BACKGROUND

Ellison is inmate at Montana State Prison. On April 17, 2017, Ellison filed a Complaint against various Defendants at the Prison, alleging—among other things—that prison staff have engaged in a systemic practice of taking, tampering, and destroying his mail. (*See* Docs. 2, 12, 38.) Since the beginning of this proceeding, Ellison has demonstrated his persistence in seeing this matter to resolution, as evidenced by his numerous filings. (*See* Docs. 2 (Complaint), 7 (Motion to Supplement Complaint), 8 (Motion for Temporary Restraining Order), 18 (Motion to Clarify), 20 and 21 (Objections to the Findings and Recommendation), 28 (Motion to Amend Complaint), 30 (Motion to Appoint Special Master), 31 (Motion for Reconsideration), 34 (Motion for Show Cause Hearing), 36 (Motion to Incorporate Writ of Habeas Corpus), 46 (Motion for Partial Summary Judgment), 48 (Motion for Disqualification of Judge).)

On December 15, 2017 the Court issued a Scheduling Order, requiring the parties to file their initial disclosures within 60 days. (Doc. 41.) On March 13th, Defendants made this filing, but Ellison failed to do so. (Doc. 61.) On July 11th in a conference call with Defense Counsel, Ellison learned of the elapsed deadline. (Doc. 77-1 at 3.) Apparently, he never received the Court's first

scheduling order. (*Id.*) On July 13th, this Court issued a new scheduling order setting a second disclosure deadline of August 10th. (Doc. 73.) Ellison confirmed that he knew of this deadline (Doc. 79 at 3), yet he failed to respond.

## DISCUSSION

While a Court can sua sponte dismiss a case for lack of prosecution, "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). A court evaluating whether to dismiss a claim under Federal Rule 41(b) should evaluate: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.*

In *Henderson*, the Ninth Circuit affirmed the district court's dismissal for failure to prosecute because the court found that the plaintiff was adequately warned that another delay could result in dismissal and was given numerous opportunities to resolve any scheduling issues. *Id.* at 1424. Specifically, the district court provided "at least three initial warnings of possible dismissal," and "attempted to solve the problem by holding a status conference." *Id.* The Ninth Circuit distinguished this case from its previous decision in *Raiford v. Pounds*, 640 F.2d 944 (9th Cir. 1981). In *Raiford* the court held that dismissal was not

appropriate "where the plaintiff failed to meet two filing deadlines, no prejudice was shown, and no alternatives of lesser severity were ever considered by the district court." *Henderson*, 779 F.2d at 1424 (citing *Raiford*, 640 F.2d at 945).

In *Ferdik v. Bonzelet*, the Ninth Circuit affirmed the district court's decision to dismiss but noted to importance of providing pro se plaintiffs—particularly those engaged in civil rights litigation—with the benefit of liberal pleadings and accommodating standards. 963 F.2d 1258, 1261 (9th Cir. 1992); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (stating a court "should treat pro se litigants with great leniency when evaluating compliance with the technical rules of civil procedure").

With this guidance in mind, the Court does not find that Ellison's delay rises to the level of that described in *Henderson* and finds it more closely akin to the circumstances in *Raiford*. Despite twice failing to comply with the Court's scheduling order, Ellison claims he did not received notice of the Court's first scheduling order prior to his July 11th conference call with opposing counsel. Given that Ellison's claim involves allegations of mail tampering and theft, the Court is cautious in considering Ellison's failure to comply with the first scheduling order as dilatory. While Ellison was well aware of the August 10th,

deadline and failed to meet it, the Court recognizes the importance of lenient standards, particularly when it comes to pro se litigants pursuing a civil rights claim. Because Ellison claims that he was under the impression that his entire case was stayed pending his appeal to the Ninth Circuit, the Court will not dismiss it at this juncture. Although Judge Johnston was correct at the time the Findings and Recommendation was issued, Ellison has raised sufficient concerns in his objections for the Court to give him one final opportunity to file his initial disclosures. Ellison has until January 11, 2018 to do so.

## II. Criminal Complaint

Ellison filed a criminal complaint against various wardens and officials at the Montana State Prison, including the named Defendants in this case, for the theft of his mail. (Doc. 78 at 1.) Ellison claims he filed the complaint first with the United States Attorney's Office, but has received no reply which entitles him to file the matter with the Court. (*Id.* (citing *United States v. Greenberg*, 320 F.2d 467 (9th Cir. 1963) for the proposition that "a complaint is sufficient if it simply states the facts constituting the offense charged").)

Ellison is mistaken and his citation to *Greenberg* is inapposite. *Greenberg* dealt with the standard to establish probable cause for a complaint under Federal Rule of Criminal Procedure 4 *that was properly filed by the government.* See generally *id.* The issue here is whether Ellison, a private citizen, can file a

criminal complaint under federal law. The Court concludes that he cannot. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 306 n.5 (1989) (stating that "a private individual may not institute a criminal prosecution"); *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) ("[W]e unaware of any authority for permitting a private individual to initiate a criminal prosecution in his own name in a United States District Court."). Accordingly, it is ordered that Ellison's criminal complaint is dismissed with prejudice.

### III. Ellison's Request for an Evidentiary Hearing

Ellison requests an evidentiary hearing to preserve evidence so that it may be reviewed on appeal. Ellison cites to *Stanley v. Schriro*, 598 F.3d 612, 624 (9th Cir. 2010) and *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) to assert that he is entitled to develop the factual basis of his claims. The cases that Ellison cites to do not govern the outcome here, because both cases dealt with a district court's denial to grant an evidentiary hearing in a habeas petition.

Under Federal Rule of Civil Procedure 43, a district court has wide discretion in deciding whether to take oral testimony. *United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 858 (9th Cir. 1992); *Hubbard v. Houghland*, 471 F. App'x 625, 626 (9th Cir. 2012) (unpublished).

Here, Ellison seeks the opportunity to develop the factual record regarding his claim of mail theft and retaliation. However, Ellison's request for an

evidentiary hearing at this time is premature. There are no pending motions before the Court and the matter is not yet ready for trial. Ellison will have an opportunity to develop the factual record through the process of discovery and trial, however, he must first file his initial disclosure statement so that his case may proceed. Because Federal Rule of Civil Procedure 43 gives the Court wide discretion to take oral testimony, the Court will exercise that discretion and deny Ellison's request for an evidentiary hearing as unnecessary.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 75) is rejected.

IT IS FURTHER ORDERED that Ellison shall file his initial disclosures **on or before January 11, 2019.** If he fails to do so, this case shall be dismissed.

IT IS FURTHER ORDERED that Ellison's criminal complaint (Doc. 78) is dismissed with prejudice.

IT IS FURTHER ORDERED that Ellison's request for an evidentiary hearing (Doc. 79 at 5) is DENIED.

This matter is referred back to Judge Johnston for further proceedings consistent with this order.

DATED this 10th day of December, 2018.

_____
Dana L. Christensen, Chief Judge
United States District Court