FILED

APR 11 2019

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LIONEL SCOTT ELLISON,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA WARDENS, et al.,<br><br>Defendants. | CV 17-00045-H-DLC-JTJ<br><br>ORDER |

On February 22, 2019, this Court ordered Mr. Ellison to file a disclosure statement as required by the December 15, 2017 Scheduling Order (Doc. 41). This was Mr. Ellison's fourth chance to file his disclosure statement and yet Mr. Ellison did not comply. Mr. Ellison was advised in the February 22, 2019 Order that the Court would not tolerate any further delays by Mr. Ellison in filing his disclosure statement which was initially due to be filed on or before February 19, 2018. (Scheduling Order, Doc. 41 at 1-3.) Therefore, this matter will be dismissed for failure to comply with Court orders.

By way of background, the Court issued an Order on July 11, 2018, requiring Mr. Ellison to file his disclosure statement as required by Paragraph I(A) of the Court's Scheduling Order (Doc. 41) within 30 days. (Doc. 73.) Mr. Ellison

1

was specifically advised that a failure to comply with the Court's Order would result in a recommendation that this matter be dismissed. (Doc. 73 at 10.); *see also Fed.R.Civ.P. 41(b)*; *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987)(a court may dismiss an action, with prejudice, for failure to obey a court order). He did not file a disclosure statement and on August 30, 2018, Judge Johnston issued a Findings and Recommendations to dismiss this matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Doc. 75.) In his objections to the Recommendations, Mr. Ellison claimed that he was under the impression that his entire case was stayed pending his appeal to the Ninth Circuit Court of Appeals. (Doc. 76.) Therefore, on December 10, 2018, this Court found that Mr. Ellison raised sufficient concerns in his objections for the Court to give him one final opportunity to file his initial disclosures. Mr. Ellison was given until January 11, 2018 to do so. (Doc. 80.) Instead, Mr. Ellison filed a "Motion for Reconsideration with Cause for the Named Defendants to be Named to this Complaint Filing of Disclosures." (Doc. 82.) The Court construed that filing as an objection to non-dispositive order, denied the objection, and required Mr. Ellison to file his disclosure statement by March 22, 2019. (Doc. 83.) Mr. Ellison has still not filed a disclosure statement.

Based upon Mr. Ellison's failure to comply with the Court's December 15,

2017 Scheduling Order (Doc. 41) and the Orders of July 11, 2018 (Doc. 73), December 10, 2018 (Doc. 80), and February 22, 2019 (Doc. 83), this matter will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Court has the inherent power to sua sponte dismiss a case for lack of prosecution or failure to comply with a court order. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also* Fed.R.Civ.P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal, however, is a harsh penalty and should be imposed as a sanction only in extreme circumstances. *Henderson*, 779 F.2d at 1423.

The following factors must be considered before dismissal is imposed as a sanction for failure to prosecute or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (*citing Ferdik*, 963 F.2d at 1260-61).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). This case was filed nearly two years ago and yet it is still in its initial discovery

phase because Mr. Ellison has failed to comply with Court imposed discovery obligations. This factor weighs in favor of dismissal.

For much the same reasons, the second factor supports dismissal. The Ninth Circuit has noted that "[i]t is incumbent upon us to preserve the district courts' power to manage their docket without being subject to the endless vexatious noncompliance of litigants. . . ." *Ferdik*, 963 F.2d at 1261. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (*citing Yourish*, 191 F.3d 983). The Court must be able to manage its docket. It cannot do so if Mr. Ellison refuses to comply with Court imposed deadlines. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Mr. Ellison's refusal to comply with Court Orders makes prejudice a foregone conclusion. The longer this matter sits, the more prejudice to Defendants.

The Court has considered and provided less drastic alternatives.

4

Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Mr. Ellison was made aware of his disclosure obligations in the Court's December 17, 2017 Scheduling Order. (Doc. 41.) The Court gave Mr. Ellison additional time to comply with his disclosure obligations and warned him about the consequences of not complying in its Orders dated July 11, 2018, December 10, 2018, and February 22, 2019. (Docs. 73, 80, 83.) Mr. Ellison did not respond. The Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (*citing Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). But in light of the other four factors favoring dismissal, the Court finds that this matter should be dismissed for failure to prosecute and failure to comply with the Court's order.

Based upon the foregoing, the Court issues the following:

### ORDER

1. This matter is DISMISSED pursuant to Rule 41(b) of the Federal Rules

of Civil Procedure. The Clerk of Court is directed to close this matter, enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure, and terminate all pending motions.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 11th day of April, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court